State Court of Fulton County
**E-FILED**
22EV002379
4/20/2022 3:30 PM
Christopher G. Scott, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☐ State Court of _____ County

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____  **State Bar Number** _____  **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number                              Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____  **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

State Court of Fulton County
**E-FILED**
22EV002379
4/20/2022 3:30 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| APRIL LOWE, | |
| Plaintiff, | |
| v. | CIVIL ACTION |
| | FILE NO.: _____ |
| WAL-MART STORES EAST, LP and WALMART, INC., | |
| Defendants. | |

## **COMPLAINT**

COMES NOW APRIL LOWE, Plaintiff, and makes and files this complaint against Defendants Wal-Mart Stores East, LP and Walmart Inc., as follows:

## **PREAMBLE**

This matter is being filed in accord with the judicial emergency orders issued by the Chief Justice of the Supreme Court of Georgia which extended all deadlines, including statute of limitations, for all civil matters. Pursuant to the final Judicial Emergency Order, the tolling ceased for most civil matters on July 14, 2020. As of that date, a party would have the same amount of time to file their documents that they would have had remaining at the time of the original order of March 14, 2020. This matter is timely filed under the judicial emergency tolling provisions.

## **PARTIES AND JURISDICTION**

1.

Plaintiff APRIL LOWE (hereinafter "Plaintiff") resides in the State of Georgia and subjects herself to the jurisdiction of this court by the filing of this lawsuit.

2.

WAL-MART STORES EAST, LP (hereinafter "East") is a Foreign Limited Partnership existing under the laws of Delaware with a principal place of business in Bentonville, Arkansas. East is authorized to conduct and actually conducts business in Georgia and Fulton County. East may be served through its Registered Agent, to wit, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-2794. East is subject to the jurisdiction of this Court.

3.

WALMART, INC. (hereinafter "Inc.") is a Foreign Profit Corporation existing under the laws of Delaware with a principal place of business in Bentonville, Arkansas.    Inc. is authorized to conduct and actually conducts business in Georgia and Fulton County. Inc. may be served through its Registered Agent, to wit, The Corporation Company, 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-2794. East is subject to the jurisdiction of this Court.

4.

Jurisdiction and venue are proper in this court.

**FACTUAL BACKGROUND**

5.

On December 20, 2019, Plaintiff was an invitee at the Walmart Supercenter located at 835 Martin Luther King, Jr. Drive, NW, Atlanta, Fulton County, Georgia 30314 (hereinafter "the premises" or "the subject premises").

6.

Plaintiff slipped and fell on a thick clear liquid present on the floor of the subject premises. The thick clear liquid present on the floor created a hazardous condition.

7.

There were no cones or other warnings in the area of the hazardous condition at the time of the fall.

8.

Defendants had exclusive ownership, possession and control over the subject premises at all times relevant to this litigation.

9.

As a result of Plaintiff's fall, he/she suffered serious and painful injuries.

## COUNT I
## NEGLIGENCE

10.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 9 above as if fully restated.

11.

Defendants owed a duty of care to Plaintiff to act reasonably in the inspection, operation and maintenance of the subject premises.

12.

Defendants breached its duty to Plaintiff by:

a)  Failing to properly inspect the premises for hazardous conditions;

b)  Allowing a hazardous condition to exist and remain on the premises;

c)  Failing to maintain a safe environment for its invitees;

d)  Failing to warn Plaintiff of the hazardous condition; and

e)  For other negligent acts and omissions which shall be discovered during the litigation and presented at trial.

13.

At all times relevant to the subject Incident, Plaintiff was without fault or negligence.

14.

Defendants' negligence was the proximate cause of plaintiff's injuries.

## COUNT II
## PREMISES LIABILITY

15.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 14 above as if fully restated.

16.

Plaintiff was an invitee on the Premises at the time of the subject incident.

17.

Defendants owed a nondelegable duty of reasonable care in keeping the subject premises safe for invitees such as Plaintiff.

18.

Defendants, by and through their employees who were working within the course and scope of their employment at the time of the subject incident, allowed a hazardous condition to exist on the premises.

19.

At all times relevant to the subject incident, Defendants had superior knowledge of the hazardous condition which existed on the subject premises.

20.

Plaintiff did not know of the danger posed by the hazardous condition at the time of the subject incident.

21.

Defendants had actual or constructive knowledge of the existence of the hazardous condition and should have warned invitees to the hazardous condition.

22.

Defendants were negligent in failing to properly inspect or maintain the subject premises, in failing to remedy the presence of the hazardous condition, in failing to take adequate measures to protect invitees, and in failing to keep the subject premises safe for invitees.

## COUNT III
## VICARIOUS LIABILITY

23.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 22 above as if fully restated.

24.

At the time of the subject Incident, Defendants' employees and agents had a duty to inspect and maintain the subject premises such that it should be clear of hazardous conditions. Defendants' employees and agents breached their duty.

25.

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

## COUNT IV
## NEGLIGENT TRAINING AND SUPERVISION

26.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 25 above as if fully restated.

27.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

28.

Defendants were negligent in training and supervising staff members.

29.

As a result of Defendants' negligence in training and supervising its employees, Plaintiff was injured on the premises.

**COUNT V**
**DAMAGES**

30.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 29 above as if fully restated.

31.

As a direct and proximate cause of the Defendants' negligence, Plaintiff has sustained severe ongoing physical injuries.

32.

As a direct and proximate cause of the Defendants' negligence, Plaintiff has incurred medical expenses which today total $172,218.80, but which will be fully and finally proven at trial.

33.

As a direct and proximate result of the Defendants' negligence, Plaintiff may continue to incur future medical expenses for an indeterminate time into the future.

34.

As a direct and proximate result of the Defendants' negligence, Plaintiff has incurred, and continues to incur, pain and suffering, mental anguish, and emotional distress.

**WHEREFORE**, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

(a)     That Plaintiff recover the full value of past and future medical expenses in an amount to be proven at trial, but in no event less than $172,218.80;

(b)     That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That Plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.

This 20th day of April, 2022.

**LOWE LAW FIRM**

*/s/ Michael G. Webb*
**Michael G. Webb**
Georgia Bar No. 744630

3644 Chamblee Tucker Road
Suite F
Atlanta, Georgia 30341
Telephone: (404) 445-2822
webb@lowelawatl.com

State Court of Fulton County
**E-FILED**
22EV002379
4/20/2022 3:30 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____     Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

  Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV002379
4/20/2022 3:30 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____   Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.   _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV002379
4/25/2022 9:36 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

APRIL LOWE,

     Plaintiff,

                                    CIVIL ACTION
                                    FILE NO.   22EV002379

vs.

WAL-MART STORES EAST, LP and
WALMART, INC.,

     Defendants.

### AFFIDAVIT OF JEFF DOLBIER

On Thursday April 21, 2022 at 12:15 pm I served true and correct copies of the SUMMONS and COMPLAINT upon Defendant Walmart, Inc.'s Registered Agent, The Corporation Company, located at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040. Mr. Dayvon Jackson, a representative of The Corporation Company, accepted service.

This __23__ day of __APRIL__ 20 __22__

Jeff Dolbier
President, Flash Delivery Inc.

Sworn and Subscribed before
me this __23rd__ day of __April__ 20 __22__
_Ryn Moreau_
My Commission Expires: _11-23-2024_

RYAN MOREAU
NOTARY
EXPIRES
GEORGIA
11-23-2024
PUBLIC
HENRY COUNTY

State Court of Fulton County
**E-FILED**
22EV002379
4/25/2022 9:36 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

APRIL LOWE,

     Plaintiff,

                                     CIVIL ACTION
                                     FILE NO.   22EV002379

vs.

WAL-MART STORES EAST, LP and
WALMART, INC.,

     Defendants.

## AFFIDAVIT OF JEFF DOLBIER

On Thursday April 21, 2022 at 12:15 pm I served true and correct copies of the SUMMONS and COMPLAINT upon Defendant Walmart, Inc.'s Registered Agent, The Corporation Company, located at 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040. Mr. Dayvon Jackson, a representative of The Corporation Company, accepted service.

This _23_ day of _APRIL_ 20_22_

                                  Jeff Dolbier
                                  President, Flash Delivery Inc.

Sworn and Subscribed before
me this _23rd_ day of _April_ 20_22_
_Ryn Morean_
My Commission Expires:_11-23-2024_

RYAN MOREAU
NOTARY
EXPIRES
GEORGIA
11-23-2024
PUBLIC
HENRY COUNTY

State Court of Fulton County
**E-FILED**
22EV002379
5/20/2022 1:28 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| APRIL LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. 22EV002379 |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| AND WALMART, INC | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND JURY DEMAND OF DEFENDANTS WAL-MART STORES EAST, LP AND WALMART, INC.

Defendants Wal-Mart Stores East, LP and Walmart Stores, Inc., by and

through counsel, answers plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence to the

extent that she could have avoided any alleged hazard through the exercise of

ordinary care.

### SECOND DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby

barred from recovering against Defendants.

### THIRD DEFENSE

Responding to the specific allegations of the numbered paragraphs of

plaintiff's Complaint, Defendants answer:

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.

Defendants denies the allegations of paragraph 2 as pled.

3.

Defendants admit the allegations of paragraph 3.

4.

Defendants deny the allegations of paragraph 4 as pled.

5.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.

Defendants deny the allegations of paragraph 8 as pled.

9.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.

Defendants incorporate and re-allege their responses to paragraphs 1-9 inclusive.

11.

Defendants deny the allegations of paragraph 11 as to Walmart, Inc. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 as it relates to Wal-Mart Stores East, LP.

12.

Defendants deny the allegations of paragraph 12.

13.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14.

Defendants deny the allegations of paragraph 14.

15.

Defendants incorporate and re-allege their responses to paragraphs 1-14

inclusive.

16.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.

Defendants deny paragraph 17 as to Walmart, Inc. Defendants admit that Wal-Mart Stores East, LP owed a nondelegable duty of reasonable care to keep the subject premises safe for invitees. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 regarding plaintiff's invitee status.

18.

Defendants deny the allegations of paragraph 18.

19.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21.

Defendants deny the allegations of paragraph 21.

22.

Defendants deny the allegations of paragraph 22.

23.

Defendants incorporate and re-allege their responses to paragraphs 1-22 inclusive.

24.

Defendants deny the allegations of paragraph 24.

25.

Defendants deny the allegations of paragraph 25.

26.

Defendants incorporate and re-allege their responses to paragraphs 1-25 inclusive.

27.

Defendants deny the allegations of paragraph 27.

28.

Defendants deny the allegations of paragraph 28.

29.

Defendants deny the allegations of paragraph 29.

30.

Defendants incorporate and re-allege their responses to paragraphs 1-29

inclusive.

31.

Defendants deny the allegations of paragraph 31.

32.

Defendants deny the allegations of paragraph 32.

33.

Defendants deny the allegations of paragraph 33.

34.

Defendants deny the allegations of paragraph 34.

35.

Any allegation, language or paragraph of plaintiff's Complaint not heretofore
responded to is specifically denied by Defendants.

WHEREFORE having answered, Defendants prays that they be discharged, with their costs, that they receive a trial by a jury of twelve (12) persons, and that they receive all further relief available under the law.

This 20th day of May, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Defendants

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed this PLEADING with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Michael G. Webb, Esq.
Georgia Bar No. 744630
Lowe Law Firm
3644 Chamblee Tucker Road
Suite F
Atlanta, GA  30341
webb@lowelawatl.com

This 20<u>th</u> day of May, 2022.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Casey J. Brown_____
Jonathan M. Adelman
Georgia Bar No. 005128
Casey J. Brown
Georgia Bar No. 757384
Attorneys for Defendants

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
jadelman@wachp.com
cbrown@wachp.com